UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK AUSSIEKER,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN LEE, et al.,<br><br>Defendants. | No. 2:19-cv-00365-JAM-CKD PS<br><br><br><br>ORDER |

Plaintiff, who proceeds pro se, filed a motion for a 90-day extension of time to serve defendants and a renewed motion for permission to utilize the court's electronic filing system. (ECF Nos. 10, 11)

Plaintiff asserts that he served defendants with the first amended complaint by certified mail, and that both defendants signed the certified mail receipts, on June 1, 2019. (ECF No. 10 at 2.) However, neither defendant has returned a signed waiver of service. As a result, plaintiff seeks an extension of time to serve defendants. (Id.) This request is unnecessary. As long as plaintiff followed the instructions set forth in Federal Rule of Civil Procedure 4(d)(1)(A)-(G), there is no need to grant an extension of time for service. The proverbial ball is in defendants' court. "If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant: (A) the expenses later incurred in making service; and (B) the reasonable

1

expenses, including attorney's fees, of any motion required to collect those service expenses." Fed. R. Civ. P. 4(d)(2).

As to plaintiff's renewed motion for permission for electronic case filing, the court denied plaintiff's first motion because plaintiff "d[id] not set forth a compelling reason why the court should deviate from the Local Rules and its standard practice of disallowing the use of electronic filing by pro se litigants." (ECF No. 7 at 1; see E.D. Cal. L.R. 133.) In his renewed motion, plaintiff asserts that good cause exists to grant him access to the court's electronic case filing system because plaintiff is having his mail "held at the post office between 07/27/19 and 8/14/19." (ECF No. 11.) The court concludes that this limited, and self-imposed, interruption in regular mail service does not constitute good cause for electronic case filing.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a 90-day extension of time to serve defendants (ECF No. 10) is DENIED AS MOOT.
2. Plaintiff's renewed motion for permission for electronic case filing (ECF No. 11) is DENIED.
3. The status (pretrial scheduling) conference that was originally set for August 7, 2019, is rescheduled for December 4, 2019, on the terms set forth in the court's March 1, 2018 order setting status conference. (See ECF No. 2.)
4. The Clerk of Court shall send a copy of the court's March 1, 2018 order setting status conference, along with this order.

Dated: August 19, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

14.aussierker.19cv365.order EOT and ECF