UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK AUSSIEKER,<br><br>         Plaintiff,<br><br>     v.<br><br>KEVIN LEE, et al.,<br><br>         Defendants. | 2:19-cv-00365-JAM-CKD PS<br><br><br><br>ORDER<br><br>(ECF Nos. 20, 24) |

INTRODUCTION

Presently before the court are pro se plaintiff Mark Aussieker's motions for default judgment against defendant Kevin Lee.[1] (ECF Nos 20, 24.)[2] After defendant failed to file an opposition to the motion in accordance with Local Rule 230(c), the motion was submitted on the record and written briefing pursuant to Local Rule 230(g). (ECF No. 21.) For the reasons discussed below, the court DENIES plaintiff's motion.

BACKGROUND

Plaintiff initiated this action on March 1, 2019, and filed an amended complaint on May

---

[1] Defendant InsightfulREI was voluntarily dismissed by court order dated October 16, 2019. (ECF No. 17.)

[2] Plaintiff filed two nearly identical motions for default judgment. The court addresses the latter unless otherwise indicated.

1

23, 2019.  (ECF Nos. 1, 5.)  Generally, plaintiff alleges that Kevin Lee was "in charge of" soliciting plaintiff with unwanted telemarketing phone calls.  (ECF No. 5 at 2.)  Plaintiff alleges that he received unsolicited calls from defendant or at defendant's direction in which offers were made to purchase plaintiff's property.  (Id. at 8.)  Plaintiff asserts that all of the calls were made using an automatic dialer and four of the calls played a prerecorded message.  (Id. at 9-10.)  Plaintiff's phone number was registered on the national "do not call" registry at all relevant times mentioned in the complaint.  (Id. at 6.)

Plaintiff's complaint lists three causes of action premised on violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227(c)(5)(B), (b)(1)(A)(iii).  Plaintiff filed proof of service indicating that Kevin Lee was served on August 22, 2019 by leaving a copy of the complaint and summons with defendant's commercial mailbox, pursuant to California Code of Civil Procedure § 415.20(c).  (See ECF No. 14.)  Thereafter, on October 11, 2019, plaintiff requested the Clerk of Court to enter default against Kevin Lee, which the Clerk entered on November 14, 2019.  (ECF Nos. 15, 18.)  The instant motions for default judgment followed.  (ECF Nos. 20, 24.)

DISCUSSION

In analyzing a motion for default judgment, a court must first "assess the adequacy of the service of process on the party against whom default judgment is requested.  McFadden v. Deutsche Bank Nat. Tr. Co., 2012 WL 2839810, at *2 (E.D. Cal. July 10, 2012) (unpublished) accord BR N. 223, LLC v. Glieberman, 2012 WL 639500, at *3 (E.D. Cal. Feb. 27, 2012) (unpublished) ("As a general rule, . . . the Court considers the adequacy of service of process before evaluating the merits of Plaintiff's Motion for Default Judgment.").  Plaintiffs bear the burden of proving proper service unless a defendant had actual notice of the lawsuit prior to entry of default judgment.  See S.E.C. v. Internet Solutions for Business Inc., 509 F.3d 1161, 1165 (9th Cir. 2007).

////

////

////

2

Plaintiff asserts that service was made pursuant to California Code of Civil Procedure § 415.20(c).[3] Section 415.20(c) provides that service may be made by leaving a copy of the summons and complaint with a commercial mail receiving agency "if the only address reasonably known for the person . . . is a private mailbox obtained through a commercial mail receiving agency in the manner described in subdivision (d) of Section 17538.5 of the Business and Professions Code." Cal. Civ. Proc. § 415.20(c). Section 17538.5, in turn, requires a commercial mail receiving agency, after receiving copies of the summons and complaint, to place a notice or copy of the documents in the customer's mailbox within 48 hours and send all documents by first-class mail within 5 days to the customer's last known address. Cal. Bus. & Prof. Code § 17538.5(d)(1).

Here, plaintiff attests that defendant's private mailbox is the only address reasonably known to him. (ECF No. 14.) However, plaintiff indicates there are other addresses he suspected to be associated with Kevin Lee. For example, plaintiff attests that he unsuccessfully attempted to serve defendant six times at an address provided by the postmaster. (Id.) Plaintiff also asserts that he "discussed serving Mr. Lee at his brokers office with a process server" but decided against attempting service there after the server "said it was problematic when agents have other jobs." (Id. at 2.) If plaintiff was only aware of the residential address for defendant, the undersigned likely would be satisfied that defendant's commercial mailbox was the only address "reasonably known for" Lee, satisfying Section 415.20(c), as according to plaintiff's statement the other address does not appear to be associated with defendant. This is evidenced by the continued failure to be able to serve defendant at this address. However, plaintiff's knowledge of an address listed on defendant's real estate license, and complete failure to even attempt service at that address, leads the court to conclude that the commercial mailbox was not the "only address reasonably known for" defendant. Plaintiff's statement that he "had a reasonable basis for believing that this address would not result in service on Mr. Lee" does not cure this deficiency.

Additionally, plaintiff has failed to satisfy Section 17538(d)(1), which requires

---

[3] Service can be properly effectuated by following California law for serving a summons. See Fed. R. Civ. P. 4(e).

commercial mail receiving agencies, within 48 hours after receipt of any process to "place a copy of the documents or a notice that the documents were received into the customer's mailbox or other place where the customer usually receives his or her mail, unless the mail receiving service for the customer was previously terminated."  Cal. Bus. & Prof. Code § 17538.5(d)(1).  The attestation provided by plaintiff, while declaring that process was sent to defendant's last-known address, does not include any mention of placing copies in defendant's mailbox nor does it include any mention that defendant terminated his service.  (See ECF No. 14 at 3.)

Accordingly, plaintiff has not satisfied his burden under Cal. Civ. Proc. § 415.20(c) and Cal. Bus. & Prof. Code § 17538.5(d)(1).

CONCLUSION

For the foregoing reasons, it is HEREBY ORDERED that plaintiff's motion for default judgment (ECF No. 24) is DENIED without prejudice for renewal.  Within sixty (60) days of the date of this order, plaintiff shall file an executed return of service, compliant with Federal Rule of Civil Procedure 4, or file a renewed motion for default judgment curing the deficiencies mentioned above.

Dated:  July 13, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

16.265.auss