UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK AUSSIEKER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KEVIN LEE,<br><br>　　　　Defendant. | No. 2:19-cv-00365-JAM-CKD PS<br><br>ORDER RE-SETTING INITIAL SCHEDULING CONFERENCE |

　　　　Both plaintiff and defendant are proceeding in this action pro se. Accordingly, the action is referred to the undersigned for resolution of all non-dispositive matters, and to conduct all hearings and issue findings and recommendations on any dispositive matters. See Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

　　　　After his initial default was set aside (ECF No. 34), defendant Kevin Lee filed an answer on February 23, 2021 (ECF No. 35). It is therefore necessary to reset an Initial Scheduling Conference for this case. (ECF Nos. 2, 19.) Pursuant to Federal Rule of Civil Procedure 16 and Local Rule 240, IT IS HEREBY ORDERED that:

////

////

////

////

1. An Initial Scheduling Conference is set for **Wednesday, April 21, 2021, at 10:00 AM** by remote means before the undersigned. All parties shall appear by counsel or in person if acting without counsel. Instructions for joining remotely will be provided before the conference;
2. Not later than **April 7, 2021**, plaintiff shall file with the court and serve on defendant a status report; and not later than **April 14, 2021**, defendant shall file with the court and serve on plaintiff a status report.[1] Each party's status report shall address the following:
   a. Possible joinder of additional parties;
   b. Any expected or desired amendment of the pleadings;
   c. Jurisdiction and venue;
   d. The report required by Federal Rule of Civil Procedure 26(f)(3) outlining the proposed discovery plan and its scheduling, including disclosure of expert witnesses. The parties should provide their proposed deadlines for:
      i. The exchange of initial disclosures under Rule 26(a)(1);
      ii. Completion of non-expert discovery;
      iii. The exchange of expert witness disclosures under Rule 26(a)(2); and
      iv. Completion of expert discovery;
   e. Anticipated (non-discovery) motions and their scheduling, including setting appropriate cut-off dates for case-dispositive motions;
   f. Requested modification of standard pretrial procedures, if any;
   g. Whether this case is related to any other cases, including matters in bankruptcy;

////

////

////

---

[1] Alternately, upon mutual agreement, the parties may instead file a single joint status report no later than April 14, 2021.

      h. Whether a settlement conference should be scheduled, and if so, whether (A) the parties will stipulate to the undersigned acting as settlement judge and waiving disqualification by virtue of her so acting, or (B) they prefer to have a settlement conference conducted before another Magistrate Judge; and

      i. Any other matters that may aid in the just and expeditious disposition of this action.

3. The parties are reminded of their continuing duty to notify chambers immediately of any settlement or other disposition.  <u>See</u> Local Rule 160.

4. The parties are cautioned that under Local Rule 230(c), opposition to the granting of any motion must be filed fourteen (14) days preceding the noticed hearing date.  The Rule further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if written opposition to the motion has not been timely filed by that party."  Moreover, Local Rule 230(i) provides that failure to appear may be deemed withdrawal of opposition to the motion or may result in sanctions.  Finally, Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

      a. Accordingly, failure to file a timely status report, or failure to appear at the status conference, is grounds for sanctions up to and including (in the event of plaintiff's noncompliance) a recommendation that the action be dismissed, or (in the event of defendant's noncompliance) that adverse judgment be entered.

5. The court will construe pro se pleadings liberally, but pro se litigants must familiarize themselves and comply with the federal and local procedural rules; and

////
////
////
////
////

6. Should the parties wish to consent to the jurisdiction of the undersigned Magistrate Judge for *all* purposes, including for the entry of final judgment, they may do so using the attached "Consent/Decline" form. 28 U.S.C. § 636(c). There is no obligation to consent, and under Federal Rule of Civil Procedure 73(b)(1), the judges handling the case will not be notified of a party's designation unless all parties have consented.

   a. Plaintiff filed his Consent/Decline form shortly after initiating this suit. (ECF No. 4);

   b. **The Clerk of the Court is directed to send defendant Kevin Lee one copy of the form, "Consent to Proceed Before United States Magistrate Judge," with this order**;

   c. Defendant shall make his election and return the Consent/Decline form to the Clerk of the Court no later than **April 14, 2021**.

IT IS SO ORDERED.

Dated: March 8, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

19.auss.0365

4